

LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 – Phone
(212) 979-0251 – Fax
Attorneys for Plaintiff, Bocimar International N.V.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

BOCIMAR INTERNATIONAL N.V.,  :

                 Plaintiff,  :

   -against-  :

                        :

ALEXANDRIA NATIONAL IRON AND  :
STEEL CO. SAE, d/b/a and/or a/k/a, AL EZZ  :
DEKHEILA STEEL CO. – ALEXANDRIA;  :
and AL EZZ DEKHEILA STEEL CO. –  :
ALEXANDRIA, d/b/a, a/k/a, and/or f/k/a,  :
ALEXANDRIA NATIONAL IRON AND  :
STEEL CO. SAE,  :

               Defendants.  :

---------------------------------------------------------x

_E CASTEL

**07 CIV 9522**

**VERIFIED COMPLAINT**

      Plaintiff, BOCIMAR INTERNATIONAL N.V., by its Attorneys, Law Offices of Simon Harter, Esq., as and for its Verified Complaint against the named Defendants, ALEXANDRIA NATIONAL IRON AND STEEL CO. SAE, d/b/a and/or a/k/a, Al Ezz Dekheila Steel Co. – Alexandria, and AL EZZ DEKHEILA STEEL CO. – ALEXANDRIA, d/b/a, a/k/a, and/or f/k/a, Alexandria National Iron and Steel Co. SAE, alleges upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves claims for breach of a maritime contract of charter party.  This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.  Finally, this Court also has jurisdiction over this matter because the action also arises under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*

2.      At all times relevant hereto, Plaintiff, BOCIMAR INTERNATIONAL N.V., was and still is a foreign business entity organized and existing under the laws of Belgium with a registered office at De Gerlachekaai 20, Antwerpen, Belgium.

3.      At all times relevant hereto, Defendant, ALEXANDRIA NATIONAL IRON AND STEEL CO. SAE, d/b/a and/or a/k/a, Al Ezz Dekheila Steel Co. – Alexandria, was and still is a foreign business entity organized and existing under the laws of Egypt with a registered office at El Dekheila, Alexandria 21537, Egypt.

4.      At all times relevant hereto, Defendant, AL EZZ DEKHEILA STEEL CO. – ALEXANDRIA d/b/a, a/k/a, and/or f/k/a Alexandria National Iron and Steel Co. SAE, was and still is a foreign business entity organized and existing under the laws of Egypt with a registered office at El Dekhiela, Alexandria 21537, Egypt, and upon information and belief, is the successor to Defendant, ALEXANDRIA NATIONAL IRON AND STEEL CO. SAE.

### AS AND FOR A FIRST CAUSE OF ACTION – CONFIRMATION OF FINAL AWARD

5.      On or about 16th February, 2005, Plaintiff, in the capacity as owner, entered into a maritime contract of charter party, written on an amended OREVOY Box Layout form, with Defendant, ALEXANDRIA NATIONAL IRON AND STEEL CO. SAE, pursuant to which

Plaintiff agreed to let and Defendant agreed to charter the Motor Vessel GIUSEPPE LEMBO for a voyage charter trip from Tubarao, Brazil to El Dekheila, Egypt.

6.    The charter party provided, *inter alia*, that should any disputes arise between the parties, they were to be referred to arbitration in London, England, applying English Law.

7.    During the performance of the charter party, Plaintiff claimed US $161,315.00 for deadfreight and US $24,986.11 for demurrage, along with interests and costs. Defendant denied liability for these amounts.

8.    These disputes were submitted to arbitration in accordance with the aforementioned clause.

9.    On the 10th August, 2007, a final award was issued by the appointed umpire, Mr. Christopher J. W. Moss, a copy of which is attached hereto as *Exhibit "A"*, and which is certified by the undersigned to be true and correct (hereinafter "Final Award").

10.    In the Final Award, Umpire Moss awarded Plaintiff the following sums - as set out in Exhibit "A" at pp. 3-4, ¶ A) through C) - which amounts are now due and owing to Plaintiff and which have not been paid by Defendant. (As of the date of this Verified Complaint, the rate of exchange is £1 = $2.03063).

- Plaintiff's claim for deadfreight                                                                 $161,315.00

- Plaintiff's claim for demurrage                                                                $  7,019.45

- Interest on the balance of Plaintiff's deadfreight
  claim at a rate of 7.5% per annum compounded
  at three monthly rests (i.e., quarterly) from 25th
  March 2005 until the date of payment (which is
  calculated, solely for the purpose of this proceeding,
  through the date of this Verified Complaint)                              $ 33,090.52

- Interest on the balance of Plaintiff's demurrage claim at a rate of 7.5% per annum compounded at three monthly rests (i.e., quarterly) from 1st May 2005 until the date of payment (which is calculated, solely for the purpose of this proceeding, through the date of this Verified Complaint)                    $ 1,391.10

- Arbitrators' and umpire's fee of £20,970.00 for rendering the Final Award, which has been paid in full by Plaintiff but not reimbursed by Defendant despite due demand                    $ 42,701.21

- Plaintiff's recoverable legal fees (although amount not assessed in the Final Award, said fees have been claimed by Plaintiff and refused by Defendant)                    $ 20,345.00

11.     After the Final Award was issued, Plaintiff made repeated demands for payment. Defendants have not paid the amounts owing to Plaintiff.

12.     Defendant has not appealed from, or otherwise moved to set aside, the Final Award of the aforementioned sums to Plaintiff, and Defendant's time for doing so has passed.

13.     No security for Plaintiff's claims has been posted by Defendants or anyone acting on their behalf.

14.     Pursuant to 9 U.S.C. § 207, Plaintiff is entitled to have this Court confirm, recognize and enforce the Final Award as a judgment of the Court against Defendants in the amount of US $265,862.28 or alternatively, in an amount determined by the Court to be proper on the basis of the appended Final Award.


### AS AND FOR A SECOND CAUSE OF ACTION:
### RULE B ATTACHMENT

15.     Plaintiff repeats and reavers each of the allegations in Paragraphs 1 through 14 as it fully set forth herein.

- 4 -

16.    Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Plaintiff avers, on information and belief, that Defendants have, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, or any other tangible or intangible property, of, belonging to, due, claimed by or being held by or for the benefit of Defendants (hereinafter "assets"), located at, moving through, or held by, any garnishee(s) located within this District, including but not limited to HSBC (USA) Bank; Bank of America N.A.; The Bank of New York; Citibank N.A.; JPMorganChase Bank; Standard Chartered Bank; Wachovia Bank N.A.; Deutsche Bank AG; Barclays Bank PLC; UBS A.G.; Credit Suisse; Nordea Bank Finland PLC; Fortis Financial Services LLC; ABN-AMRO Bank N.V.; American Express Bank Ltd; Bank of China, and/or others.

17.    Plaintiff, for its part, has satisfied all of its obligations under the terms of the charter party.

**WHEREFORE**, Plaintiff, BOCIMAR INTERNATIONAL N.V., prays:

a.    That process in due form of law according to the practice of this Court may issue against Defendants, ALEXANDRIA NATIONAL IRON AND STEEL CO. SAE, d/b/a and/or a/k/a, Al Ezz Dekheila Steel Co. – Alexandria, and AL EZZ DEKHEILA STEEL CO. – ALEXANDRIA, d/b/a, a/k/a, and/or f/k/a, Alexandria National Iron and Steel Co. SAE, citing to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendants in the principal amount of the claim, plus interest, costs and reasonable attorneys' fees;

b.    That if Defendants cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendants up to and including the sum of US $265,862.28 may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire,

- 5 -

and/or other assets of, belonging to, due, or for the benefit of, Defendants, including but not limited to such assets as may be held, received or transferred in their own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody  or control of banking institutions including but not limited to HSBC (USA) Bank, Bank of America N.A., The Bank of New York, Citibank N.A., JPMorganChase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, Barclays Bank PLC; UBS A.G.; Credit Suisse; Nordea Bank Finland PLC; Fortis Financial Services LLC; ABN-AMRO Bank N.V.; American Express Bank Ltd; Bank of China and/or any other garnishees(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c.      That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the London arbitration; and

d.      For such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated:    October 24, 2007

**LAW OFFICES OF SIMON HARTER, ESQ.**
Attorneys for Plaintiff,
BOCIMAR INTERNATIONAL N.V.

By:      _____

Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 (Phone)
(212) 979-0251 (Fax)

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
                       ) ss.:
COUNTY OF NEW YORK   )

       **SIMON HARTER** verifies the following pursuant to 28 U.S.C. §1746:

     1.     I am a member of the Law Offices of Simon Harter, Esq., Attorneys for Plaintiff,

BOCIMAR INTERNATIONAL N.V., in this action and a Member of the Bar of this Honorable

Court. I have read the foregoing Verified Complaint and know the contents thereof, and the same

is true to the best of my knowledge, information and belief.

     2.     The sources of my information and the grounds for my belief are communications,

information, and documentation provided by the Plaintiff and/or its duly authorized agents.

     3.     The reason this Verification is made by an attorney and not the Plaintiff is because

the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

       I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
Executed on the 24th day of October, 2007.

                                       Simon Harter (SH-8540)
                                       Law Offices of Simon Harter, Esq.
                                       304 Park Avenue South – 11th Floor
                                       New York, New York 10010
                                       (212) 979-0250 - Phone
                                       (212) 979-0251 - Fax

# EXHIBIT "A"

<u>IN THE MATTER OF THE ARBITRATION ACT 1996</u>

<u>AND</u>

<u>IN THE MATTER OF AN ARBITRATION</u>

<u>BETWEEN:-</u>

BOCIMAR INTERNATIONAL NV of Antwerp

Claimant<br>(Disponent Owners)

- and -

ALEXANDRIA NATIONAL IRON & STEEL CO

Respondent<br>(Charterers)

<u>m.v. "GIUSEPPE LEMBO"</u>

<u>Charterparty dated 16th February 2005</u>

---

**FINAL ARBITRATION AWARD**

---

WHEREAS:

1.  By a voyage charterparty in substantially the terms of the "Orevoy" Box Layout printed form, as amended, which was concluded and evidence by a fixture recapitulation message dated 16th February 2005 ("the charterparty"), the Claimant ("the Disponent Owners") agreed to provide the mv. "GIUSEPPE LEMBO" or a substitute vessel to perform a voyage from Tubarao to El Dekheila to carry a cargo of iron ore pellets in bulk for the account of the Respondent ("the Charterers") on terms and conditions more particularly set out in the charterparty.   The quantity of cargo

- 2 -

which the Charterers had agreed to supply and the Disponent Owners had agreed to carry was the central issue in the arbitration.

2.      Box 31 of the charterparty provided:-

   *"Law and Arbitration*

   *English law – London"*

Clause 23 of Part II of the Orevoy printed form as incorporated into the charterparty provided:-

   *"Unless otherwise agreed in Box 31, this Charter Party shall be governed by English law and any dispute arising out of this Charter Party or any Bill of Lading issued thereunder shall be referred to arbitration in London, one arbitrator being appointed by each party, in accordance with the Arbitration Acts 1950 and 1979 or any statutory modification or re-enactment thereof for the time being in force. … if two arbitrators properly appointed shall not agree they shall appoint an umpire whose decision shall be final."*

3.      Disputes arose as detailed hereafter for the determination of which the Disponent Owners initially appointed the late William Packard of 20 Victory Road, West Mersea, Colchester, Essex CO5 8LX and the Charterers appointed Elizabeth Birch of 3 Verulam Buildings, Gray's Inn, London WC1R 5NT to act as arbitrators respectively.    Following the death of William Packard, the Disponent Owners appointed Mark Hamsher of 18c Ensign Street, London E1 8JD as his replacement. When the two arbitrators appointed by the parties found themselves unable to agree, they appointed me, the undersigned Christopher J W Moss of 4 Charlotte Place, Wilton Road, London SW1V 1DP to act as umpire pursuant to Clause 23.1 of the charterparty. The seat of the arbitration was London.

- 3 -

4.    The arbitration arose out of the Disponent Owners' claim for deadfreight in the sum of US$161,315.00 and demurrage in the sum of US$24,986.11. The Charterers denied liability for both claims and counterclaimed a balance of despatch on final voyage accounts in the sum of US$5,014.17 and damages in the sum of US$10,937.50 which they maintained they had suffered as a result of the exercise by the Disponent Owners of a lien over the cargo to secure their claim for deadfreight. Both parties claimed interest on their respective claims and counterclaims, together with costs.

5.    The Disponent Owners conducted the arbitration through their in-house lawyers and the Charterers were represented by their London solicitors. Both parties served written submissions, together with copies of the documents on which they relied. Neither party requested an oral hearing. The Disponent Owners requested a reasoned Award. My Reasons are accordingly attached hereto and form part of this my Final Award.

NOW I, the said Christopher J W Moss, having taken upon myself the burden of this arbitration and having carefully and conscientiously considered the evidence put before me and the submissions addressed to me, together with the exchanges between the arbitrators appointed by the parties, and having given due weight thereto, **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FINAL AWARD** as follows:-

A.    **I FIND AND HOLD** that the Disponent Owners' claims for deadfreight in the sum of US$161,315.00 and demurrage in the sum of US$24,986.10 succeed in full and that the Charterers' counterclaims fail entirely and are hereby dismissed.

B.    **I THEREFORE AWARD AND ADJUDGE** that the Charterers shall forthwith pay to the Disponent Owners the sum of US$161,315.00 (one hundred and sixty-one thousand, three hundred and fifteen United States dollars), together with interest on this sum at the rate of 7.5% per annum, compounded with three monthly rests from

- 4 -

the 25th day of March to the date of payment and demurrage in the sum of US$7,019.45 (seven thousand and nineteen United States dollars and forty-five cents), together with interest on this sum at the rate of 7.5% per annum, compounded with three monthly rests from the 1st day of May 2005.

C.    **I FURTHER AWARD AND ADJUDGE** that the Charterers shall bear and pay their own and any recoverable legal costs of the Disponent Owners, together with the costs of this my **FINAL AWARD** in the sum of £20,970.00 (inclusive of my own fees and disbursements and those of the arbitrators appointed by the parties).

Given under my hand in London this 10th day of August 2007.

Umpire

Witness